FILED
United States Court of Appeals
Tenth Circuit

November 10, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BYCKLEY CHARLES LEUTWILER,

Defendant-Appellant.

No. 10-1537
(D.C. No. 1:09-CR-00068-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Defendant-appellant Byckley Charles Leutwiler was convicted by a jury of

two counts of Possession of a Machine Gun, in violation of 18 U.S.C. § 922(o),

and one count of Possession of a Firearm with an Obliterated Serial Number, in

violation of 18 U.S.C. § 922(k).  Mr. Leutwiler was sentenced to thirty-eight

months imprisonment and now appeals.  On appeal, he argues that the district

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court erred when it admitted other crimes evidence without prior notice and findings contrary to Fed. R. Evid. 404(b).[1]

Our jurisdiction arises under 28 U.S.C. § 1291. Because Mr. Leutwiler did not preserve this issue by objecting at trial to the admission of the evidence, our review is for plain error. *See United States v. Hill*, 60 F.3d 672, 675 (10th Cir. 1995); Fed. R. Crim. P. 52(b). We affirm.

### *Background*

Mr. Leutwiler and an associate, Clayton Pearce, worked together at Precision Motors in Colorado Springs. After selling a semi-automatic rifle to an undercover officer at a local tattoo parlor, Mr. Pearce discussed the idea of assembling machine guns with Mr. Leutwiler. Using the internet, the two learned how to modify a semi-automatic weapon into a fully automatic machine gun. They then began ordering parts and kits and converting weapons. After the sale of the second machine gun (again to undercover officers), the partners began obliterating the serial numbers on the guns. As their business increased,

---

[1] Fed. R. Evid. 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Mr. Leutwiler arranged for Casey Kellogg to order and purchase the parts they needed for their enterprise. Mr. Pearce was arrested on June 12, 2008, after he delivered three more machine guns to the officers. Under questioning, Mr. Pearce told the officers about Mr. Leutwiler's involvement in the scheme. Mr. Leutwiler was arrested on February 16, 2009, and charged with two counts of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), and three counts of unlawful possession of a machine gun, in violation of 18 U.S.C. § 922(o). He pled not guilty to all five counts.

On the evening before trial, Mr. Kellogg informed the government for the first time that, on June 15, 2008, three days after Mr. Pearce's arrest and at Mr. Leutwiler's behest, he and Mr. Leutwiler had met to "discuss what had gone on and get [their] stories straight," R. Vol. 2 at 368. He further informed the government that at the meeting Mr. Leutwiler removed a trigger group from a conversion kit and disposed of it outside his residence. *Id.* at 369.[2]

The government did not mention this evidence in its opening statement the next day. On the second day of the trial, Mr. Kellogg testified about the June 15 meeting. Neither the defense nor the government asked for the findings or limiting instructions provided for by Rule 404(b), and the defense did not object to the testimony. Mr. Leutwiler was the only defense witness and, while he

---

[2]    The trigger group is necessary to convert a firearm to one that is fully automatic.

remembered a meeting with Mr. Kellogg on June 15, he did not admit inviting

Mr. Kellogg to his home to "get [their] stories straight." *Id.* at 607. He also

denied disposing of a trigger group. *Id.* at 608.

### *Discussion*

On appeal Mr. Leutwiler argues that evidence of the June 15 meeting was

extrinsic to the crime charged and that, by not providing notice or announcing its

intent to introduce the evidence, the government deprived the court of the

opportunity to make findings or give a limiting instruction regarding the

evidence. This, Mr. Leutwiler contends, is plain error because the evidence was

incriminating and prejudicial and its admission denied him a fair trial.

It is unnecessary for us to perform a plain error analysis, however, because

we agree with the government that evidence of the June 15 meeting was intrinsic

to the crime charged, making Rule 404(b) inapplicable. *See United States v.

Arney*, 248 F.3d 984, 992 (10th Cir. 2001). "Evidence is direct or intrinsic to the

crime charged if both acts are part of a single criminal episode or the other acts

were necessary preliminaries to the crime charged." *Id.* (internal quotation marks

omitted). The purpose of the meeting was to coordinate the stories Mr. Leutwiler

and Mr. Kellogg were going to tell law enforcement officials about their

firearm-alteration scheme. Coupled with the fact that Mr. Leutwiler destroyed

incriminating evidence during the meeting, it is clear that Mr. Kellogg's

testimony described part of the single criminal episode that eventually resulted in

the firearm charges against Mr. Leutwiler. "It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged, and that other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined." *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997) (internal quotation marks, brackets and ellipsis omitted). The district court did not err in admitting evidence of the June 15 meeting.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge